Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EDDIE EDUARDO RODRÍGUEZ VÁZQUEZ<br><br>Peticionario<br><br>Vs.<br><br>SEGUROS TRIPLE S-PROPIEDAD Y OTROS<br><br>Recurridos | TA2026CE00173 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2023CV10274<br><br>Sala: 801<br><br>Sobre: ACCIDENTE DE AUTOS, DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de febrero de 2026.

Comparece la parte peticionaria, Eddie Eduardo Rodríguez Vázquez, solicita la revocación de la orden interlocutoria notificada el 7 de enero de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Por medio del dictamen recurrido, el foro primario denegó la solicitud de prórroga presentada por el peticionario para culminar el descubrimiento de prueba en el caso. La parte peticionaria también presentó una *Moción en Auxilio de Jurisdicción,* mediante la cual solicita la paralización del procedimiento ante el Tribunal de Primera Instancia.

Conforme permite la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones eximimos a la parte recurrida de presentar su alegato en oposición.

Por los fundamentos antes expuestos, *denegamos* la expedición del recurso promovido.

**-I-**

En el contexto de una reclamación de daños, la parte peticionaria solicitó al foro primario extender la fecha de vencimiento del descubrimiento de prueba. Conforme surge de la *Minuta* para la *Vista de Conferencia con Antelación al Juicio* el foro de primera instancia concedió a las partes hasta el 16 de enero de 2026 para culminar el descubrimiento de prueba. El 30 de diciembre de 2025, la parte peticionaria presentó una *Moción Solicitando Término Adicional Para Finalizar Descubrimiento de Prueba* y solicitó una extensión a la fecha límite impuesta por el tribunal. El foro primario denegó la prórroga, y también denegó la reconsideración presentada por la parte peticionaria. Inconforme, la parte peticionaria comparece ante este foro apelativo, y señala el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL INCURRIR EN UN GRAVE ERROR DE JUICIO Y ABUSO MANIFIESTO DE DISCRECIÓN AL DENEGAR UNA PRÓRROGA RAZONABLE SOLICITADA OPORTUNAMENTE PARA CULMINAR EL DESCUBRIMIENTO DE PRUEBA Y PRESENTAR EL INFORME PERICIAL MÉDICO INDISPENSABLE PARA PROBAR CAUSALIDAD Y CUANTÍA DE DAÑOS, APLICANDO DE MANERA MECÁNICA Y DESPROPORCIONADA LAS NORMAS PROCESALES, SIN EMITIR UNA ORDEN EXPRESA DE EXCLUSIÓN, SIN REALIZAR HALLAZGOS DE CONDUCTA CONTUMAZ, MALA FE O REINCIDENCIA, EN CONTRAVENCIÓN AL PRINCIPIO DE SANCIONES PROGRESIVAS Y EN ABIERTA CONTRADICCIÓN CON DETERMINACIONES PREVIAS QUE DESCARTARON DICHA SANCIÓN, PRODUCIENDO EL EFECTO EQUIVALENTE A UNA EXCLUSIÓN SUSTANTIVA DE PRUEBA ESENCIAL EN VIOLACIÓN AL DEBIDO PROCESO DE LEY.

Visto el contenido del expediente electrónico procedemos a disponer del presente recurso.

**-II-**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V; Regla 52.1, establece las circunstancias excepcionales en las que el Tribunal de Apelaciones está facultado para atender, mediante recurso de *certiorari,* determinaciones interlocutorias del Tribunal

de Primera Instancia. *Municipio Autónomo de Caguas v. JRO Construction, Inc.*, 201 DPR 703, 710 (2019); *Job Connection Center v. Sups. Econo*, 185 DPR 585, 594-595 (2012). La Regla 52.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

El delimitar la revisión a instancias específicas tiene como propósito evitar la dilación que, causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corp.*, 202 DPR 478, 486–487 (2019); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2017). Cualquier controversia que no esté dentro del ámbito de autoridad establecido en la regla, es revisable después de dictada la sentencia en el caso.

### *-III-*

A tenor con la Regla 52.1 de Procedimiento Civil, este recurso no presenta una reclamación bajo las Reglas 56 y 57 de las de Procedimiento Civil. Tampoco constituye una denegatoria de una moción de carácter dispositivo. No involucra la admisibilidad de testigos de hechos o de peritos esenciales, ni asuntos relativos a privilegios reconocidos por nuestro derecho probatorio; ni tampoco una anotación de rebeldía ni asuntos de relaciones de familia. Véase, *Scotiabank de Puerto Rico v. ZAF Corporation*, supra.

La controversia no reviste un asunto de interés público tal que justifique apartarnos de la política de revisión judicial limitada aplicable a asuntos interlocutorios. Regla 40 del Tribunal de Apelaciones; *Véase, Job Connection Center v. Sups. Econo, supra*, pág. 594; J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., Pubs. J.T.S., 2011, T. IV, pág. 1503. Nótese que, la Regla 52.1 de Procedimiento Civil prohíbe la revisión mediante *certiorari* de resoluciones u órdenes interlocutorias salvo determinadas excepciones. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 594 (2011).

### *-IV-*

Por los fundamentos antes expuestos, *denegamos* expedir el recurso extraordinario promovido, y declaramos *No Ha Lugar* la *Moción en Auxilio de Jurisdicción*. El Tribunal de Primera Instancia puede continuar el caso sin necesidad de esperar por nuestro mandato. Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones